UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| **Christina Littler**, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>**Ohio Association of Public School Employees**; **South-Western City School District**,<br><br>      Defendants. | Case No. 2:18-cv-1745<br><br>**Plaintiff's First Amended Class-Action Complaint**<br>**Jury Trial Demanded** |

  Plaintiff Christina Littler is a former member of the Ohio Association of Public School Employees (OAPSE). She brings this class action on behalf of herself and others similarly situated, seeking redress for the defendants' past and ongoing violations of her constitutionally protected rights. The defendants have violated Ms. Littler's constitutional rights by establishing an "agency shop," where employees were compelled to pay money to OAPSE as a condition of employment. And the defendants are continuing to violate Ms. Littler's rights by deducting union dues from her paycheck—even after she clearly and unequivocally communicated to both the union and her employer that she has terminated her union membership and revoked her consent to the payroll deductions of union fees.

## JURISDICTION AND VENUE

  1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

  2. Venue is proper because at least one defendant resides or has its offices located in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Christina Littler resides in Franklin County, Ohio.

4. Defendant Ohio Association of Public School Employees (OAPSE) is a labor union whose offices are located at 6805 Oak Creek Drive, Columbus, Ohio 43229-1591. OAPSE is also known as AFSCME Local 4/AFL-CIO.

5. Defendant South-Western City School District is a public-school district whose offices are located at 3805 Marlane Drive, Grove City, Ohio 43123.

## CLAIM NO. 1—UNCONSTITUTIONAL AGENCY SHOP

6. Plaintiff Christina Littler is a bus driver for the South-Western City School District.

7. Before the Supreme Court's ruling in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), Ms. Littler worked in an "agency shop," where employees were forced to either join OAPSE and pay full membership dues, or else pay "fair-share fees" to the union. *See* Ohio Rev. Code § 4117.09(B)(2)(C) (attached as Exhibit 1); Collective Bargaining Agreement Between the Ohio Association of Public School Employees AFSCME Local 4/AFL-CIO South-Western City Schools, Local #211 and South-Western City School District Board of Education, § 501, available at http://www.serb.ohio.gov/sections/research/WEB_CONTRACTS/16-MED-03-0346.pdf (last visited on July 8, 2019).

8. Ms. Littler opposed and continues to oppose paying dues to OAPSE because she disapproves of OAPSE's political advocacy and collective-bargaining activities.

9. Nevertheless, Ms. Littler reluctantly joined and remained a member of OAPSE because the difference between the cost of full union membership and the compulsory "fair-share fees" would not have been worth the loss of her vote or

whatever little influence she might have been able to assert in collective-bargaining matters.

10. The compelled subsidy that Ms. Littler and her fellow class members were forced to pay to OAPSE violated their constitutional rights—regardless of whether they remained in the union and paid full membership dues (as Ms. Littler did) or resigned their membership and paid "fair-share fees" (as others had done). *See Janus v. Am. Fed'n of State, Cty., and Mun. Employees, Council 31*, 138 S. Ct. 2448 (2018).

11. The Supreme Court's ruling in *Janus* is retroactive. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 96 (1993) ("[A] rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law.").

12. OAPSE and the South-Western City Schools were acting under color of state law by imposing these mandatory union payments on the plaintiffs and their fellow class members. *See, e.g.,* Ohio Rev. Code § 4117.09(B)(2)(C) (attached as Exhibit 1); *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922 (1982) (holding private parties subject to liability under 42 U.S.C. § 1983 when acting under an unconstitutional statute).

13. Ms. Littler and her fellow class members are therefore entitled to a refund of the money that was forcibly taken from them in violation of their constitutionally protected rights. Indeed, the text of 42 U.S.C. § 1983 compels this result. *See* 42 U.S.C. § 1983.

14. The affirmative defense of qualified immunity is unavailable to private entities such as labor unions. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

15. Even if the union could attempt to assert an affirmative defense such as qualified immunity or "good faith," those defenses can provide immunity only from

money damages, and they do not confer immunity when a plaintiff seeks equitable monetary relief such as backpay, restitution, or unjust enrichment, which Ms. Littler and her fellow class members are asserting here. *See Wood v. Strickland*, 420 U.S. 308, 315 n.6 (1975), *overruled in part on other grounds, Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ("[I]mmunity from damages does not ordinarily bar equitable relief as well.").

16. Finally, even if this Court were to allow the union to assert a "good faith" defense to the plaintiffs' section 1983 claims, the union must *still* show that it complied with pre-*Janus* case law before it can escape liability under section 1983. *See Abood v. Detroit Board of Education*, 431 U.S. 209, 239–40 (1977). Under *Abood*, public-employee unions were permitted to require non-members to pay only for union activities that were non-ideological, and they were forbidden to require an employee to "contribute to the support of an ideological cause he may oppose as a condition of holding a job." *Abood*, 431 U.S. at 235; *see also R.J. Reynolds Tobacco Co. v. Shewry*, 423 F.3d 906, 916 (9th Cir. 2005). So the union must, at the very least, prove that it complied with *Abood* before it can establish a "good faith" defense under section 1983.

17. OAPSE and the South-Western City School District have also committed the torts of conversion and trespass to chattels by taking and redirecting money from Ms. Littler's paycheck against her will, and they are liable to refund this money in an action for tort, replevin, restitution, unjust enrichment, and any other state-law cause of action that offers relief for this unlawful confiscation of her wages.

18. Ms. Littler sues on behalf of all current and former public employees who were compelled to subsidize OAPSE against their will on account of this unconstitutional agency-shop arrangement. The class includes: (1) employees who refused to join the union and paid "fair-share fees"; (2) employees who joined the union be-

cause they were never informed of their constitutional right to decline union membership and pay a slightly reduced amount in "fair-share fees"; (3) employees who reluctantly joined OAPSE but who never would have joined or paid any money to the union had they not been compelled to work in an unconstitutional agency shop; and (4) any other public employee who was offered membership in OAPSE while working in an agency shop.

19. Ms. Littler and her fellow class members are entitled to a refund in the amount of the "fair-share fees" that they were forced to pay regardless of whether they retained or resigned their union membership. Ms. Littler and her fellow class members are seeking this recovery under 42 U.S.C. § 1983 and state tort law, and they are demanding equitable monetary relief including backpay, restitution, and unjust enrichment. Ms. Littler and her fellow class members are also seeking money damages against the defendants to the extent permitted under immunity doctrines.

20. OAPSE and the class members' public employers are jointly and severally liable for this money that was taken in violation of the class members' constitutional rights and in violation of state tort law.

21. Ms. Littler has Article III standing to bring these claims. She has suffered injury in fact because she was forced to pay money to OAPSE as a condition of her employment. The injury was caused by the unconstitutional behavior of the defendants, and the injury will be redressed by refunding the money that the union unconstitutionally extracted from Ms. Littler and her fellow class members.

## CLAIM NO. 2—UNCONSTITUTIONAL GARNISHMENT OF WAGES POST-*JANUS*

22. After the Supreme Court's ruling in *Janus*, Ms. Littler resigned her union membership and demanded that the union and her employer halt the payroll deductions of union fees.

23. On August 22, 2018, Ms. Littler sent the following e-mail to Gary Martin, the Director of Membership Services for OAPSE, and Hugh Garside, the Treasurer and Chief Fiscal Officer for South-Western City School District:

> To Whom It May Concern:
>
> I am an employee at South Western City Schools and am in the AFSCME 4/211.
>
> With this letter, I am notifying you that I am immediately withdrawing my union membership as is my right under the First Amendment as expressed by the Supreme Court ruling in *Janus v. AFSCME*.
>
> If, at a future date, I determine that being a member of AFSCME 4/211 is in my interest, I may rejoin.
>
> I ask that you notify me immediately in writing if you are not willing to honor my rights, provide me with the legal reasons for your refusal, and outline the process I need to undertake to withdraw my membership.
>
> Sincerely,
>
> Christina Littler
> [Personal e-mail redacted]
> Transportation Bus Driver
> Member AFSCME #12522507

A copy of this e-mail is attached as Exhibit 2.

24. On August 22, 2018, Mr. Garside replied to Ms. Littler's e-mail and wrote: "Christina, Please accept this response as confirmation that your email was received by the treasurer's office. Hugh." *See* Exhibit 3.

25. Later that day, Mr. Garside sent a follow-up e-mail to Ms. Littler that said: "Christina, Quick follow up. I have forwarded your information to Kelly Congrove, Administrative Assistant - Accounting with OAPSE downtown. They will handle it from there. Hugh." *See* Exhibit 4.

26. Neither Mr. Martin nor Ms. Congrove replied to Ms. Littler's e-mail of August 22, 2018, and Ms. Littler has never received an e-mail response or acknowledgement from anyone in OAPSE.

27. Between August 22, 2018, and August 28, 2018, Chad Caldwell, a field representative for OAPSE, called and left voicemails for Ms. Littler on her private phone line, informing her that the union would not accept her withdrawal from membership. In response to these calls, Ms. Littler sent the following e-mail to Gary Martin and Hugh Garside on August 28, 2018:

> I have received several phone calls and voicemails on my private phone number from Chad Caldwell. Its unsolicited and unwanted. I ask for any additional requirements be put in writing. Email form [redacted]. Mr. Caldwell stated on my voicemail my withdrawal from the union will NOT be accepted.
>
> I do not authorize any deductions from my pay for union fees..
>
> Again I ask that you notify me immediately in writing if you are not willing to honor my rights, provide me with the legal reasons for your refusal, and outline the process I need to undertake to withdraw my membership. What page in contract to refer.
>
> Thank you,
> Christina Littler
> Member # 12522507

*See* Exhibit 5. No one from the union replied to or acknowledged this e-mail.

28. After Ms. Littler resigned from the union, neither the union nor the school district took union fees from the paychecks that Ms. Littler received on September 5, 2018; September 20, 2018; October 5, 2018; and October 19, 2018. *See* Exhibits 7–10.

29. But when Ms. Littler received her paycheck on November 5, 2018, the school district's payroll department had diverted $31.64 to OAPSE—even though

the school district knew that Ms. Littler had resigned her union membership. *See* Exhibit 8.

30. Ms. Littler immediately e-mailed Hugh Garside, the Treasurer and Chief Fiscal Officer for South-Western City School District, who had received and acknowledged Ms. Littler's earlier e-mail resigning her union membership. Ms. Littler wrote:

> I opted out of union. Received deduction on payroll for Nov 5th pay.
>
> OAPSE 31.64 409.92
>
> Why would I still have a deduction for union fees?
>
> Thank you
> Christina Littler
> Transportation

*See* Exhibit 3.

31. On November 6, 2018, Mr. Garside replied to Ms. Littler's e-mail and wrote: "Christina, Sorry for the delay. I know you have spoken to Nanette Spears in payroll about this issue as well. We must use the deduction list that is provided by OASPE. You will need to discuss this with them. Hugh" *See* Exhibit 3.

32. Nanette Spears, who works in the school district's payroll office under Mr. Garside, had told Ms. Littler that the school district was deducting union fees because her name appeared on a "new fair share list" provided by the union.

33. Ms. Littler has made repeated attempts to stop OAPSE from tapping her paycheck, but the union has been uncooperative.

34. On November 7, 2018, Ms. Littler e-mailed Kelly Congrove, who works in the Accounting Department of OAPSE and to whom Mr. Garside had forwarded Ms. Littler's union-resignation e-mail of August 22, 2018. Ms. Littler wrote:

> I opted completely out of union on August 22nd per attached email. I received a payroll deduction on Nov 5 for 31.64 fair share fees.
>
> I'm completely opted out. No fair share fees should be deducted from my paycheck. Please refund 31.64 and take me off fair share fees.
>
> I'm no longer affiliated with the union. I have not authorized a payroll deduction.
>
> Christina Littler
> Transportation SWCS
> 12522507

*See* Exhibit 6. No one from the union has acknowledged or replied to Ms. Littler's e-mail of November 7, 2018.

35. OASPE and the South-Western City School District continued to take union fees from Ms. Littler's paycheck despite her resignation from the union and in defiance of her instructions to halt the payroll deduction of membership dues. Ms. Littler's paychecks of November 20, 2018, and December 5, 2018, have $31.64 in membership dues diverted to OAPSE, even though Ms. Littler is no longer a member of that union. *See* Exhibits 12–13.

36. The defendants' refusal to immediately honor and implement Ms. Littler's resignation from the union violate the Speech Clause and the Supreme Court's ruling in *Janus*. Public employees have a constitutional right to resign their union membership at any time. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984) ("Freedom of association . . . plainly presupposes a freedom not to associate." (citing *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 234–35 (1977))). And once an employee quits the union, both the union and the employer are forbidden to divert the non-member's wages to the union unless the employee "clearly and affirmatively consent[s] before any money is taken." *Janus*, 138 S. Ct. at 2486.

37. Ms. Littler ceased to be a member of OAPSE when she e-mailed her resignation to Gary Martin and Hugh Garside on August 22, 2018. *See* Exhibit 2. Now

that Ms. Littler has quit the union, the union and the school district are forbidden to divert union fees from Ms. Littler's paycheck unless they secure Ms. Littler's clear, affirmative, and freely given consent in advance. *See Janus*, 138 S. Ct. at 2486. The union must refund all money that it took from Ms. Littler after she informed the union of her resignation on August 22, 2018, and the school district is jointly and severally liable for membership dues that were garnished from Ms. Littler's wages after August 22, 2018. *See* 42 U.S.C. § 1983.

38. OAPSE and the South-Western City School District have also committed the torts of conversion and trespass to chattels by taking and redirecting money from Ms. Littler's paychecks without securing her clear, affirmative, and freely given consent—and the union and the school district are continuing to commit those torts by taking union membership dues from Ms. Littler against her clearly expressed wishes. The union and the school district are liable to refund this money in an action for tort, replevin, restitution, unjust enrichment, and any other state-law cause of action that offers relief for this unlawful confiscation of Ms. Littler's wages.

39. The union's defiance of Ms. Littler's resignation—and its continuing defiance of Ms. Littler's instructions to halt the payroll deductions of union dues—expose the union to punitive damages.

40. Ms. Littler is suing on behalf of all employees in bargaining units represented by OAPSE or its affiliates who, at any time after *Janus*: (1) informed the union or their employer that they wished to terminate their union membership or the payroll deduction of union-membership fees; and (2) had union fees diverted from their paycheck after informing the union or their employer of their desire to terminate union membership or halt the diversion of union fees. The class includes anyone who comes within the class definition at any time before the conclusion of this action.

41. Ms. Littler has Article III standing to bring these claims. Ms. Littler has suffered injury in fact because the union and her employer have taken union membership dues from their paychecks after they had informed them that they wanted to quit the union and halt the payment of membership dues. These injuries are caused by the unconstitutional behavior of the defendants, and the injury will be redressed by a refund of money that the union and the county unlawfully diverted from the plaintiffs and their fellow class members, as well as an injunction that orders the union to immediately honor an employee's resignation from union membership and bars the defendants from collecting union fees from any non-union member absent that employee's "clear and affirmative consent."

## CLAIM NO. 3—FAILURE TO SECURE FREELY GIVEN AND FULLY INFORMED CONSENT

42. There is a more serious problem with the union's collection of membership dues from Ms. Littler's paycheck: Ms. Littler never provided her freely given consent to the payment of union membership dues. When Ms. Littler "agreed" to become a union member and pay membership dues, she did so while working in an unconstitutional agency shop, where she was compelled to pay *at least* the amount of "fair-share fees" to the union regardless of whether she joined. An employee who is told: "Join the union and pay full membership dues or else we will take $400 per year from your paycheck without your consent," and then decides to the join the union and pay full membership dues in response to this "offer," has not provided "freely given" consent to union membership or the payment of full membership dues.

43. An employee who joins the union under these circumstances has consented to pay only the *difference* between full membership dues and the "fair-share fees" that would have been imposed whether they joined the union or not. Any agreement by Ms. Littler to pay that difference does not represent "consent" to pay full membership dues in a right-to-work situation.

44. Finally, a waiver of constitutional rights cannot be presumed, and must be "freely given and shown by 'clear and compelling' evidence." *Janus*, 138 S. Ct. at 2486. The union cannot tap Ms. Littler's paycheck—or any other employee's paycheck—unless it can show that the employee has *waived* his or her constitutional right to withhold payments to a public-employee union, and such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Janus*, 138 S. Ct. at 2486. OAPSE cannot make this showing when Ms. Littler agreed to join the union and pay membership dues while working in an unconstitutional agency shop that threatened her with an unconstitutional financial penalty if she declined to join the union.

45. OAPSE cannot treat a public employee's pre-*Janus* consent to union membership as a "freely given" waiver of that employee's constitutional right to withhold payments to the union in a post-*Janus*, right-to-work setting. Any such waiver of a public employee's *Janus* rights must be fully informed, freely given, and shown by clear and compelling evidence. *See Janus*, 138 S. Ct. at 2486. The Court should therefore: (1) Declare that Ms. Littler's consent to pay union-membership dues while working in an unconstitutional agency shop is legally insufficient to allow payroll deductions to continue in a post-*Janus*, right-to-work environment; and (2) Enjoin OAPSE from deducting union-related fees from an employee's paycheck until that employee provides written authorization that: (a) post-dates the Supreme Court's ruling in *Janus*; and (b) shows that the employee knowingly and freely waived his or her constitutional right to resign from union membership and withhold payments to the union.

46. Ms. Littler is suing on behalf of all employees in bargaining units represented by OAPSE who: (1) want to resign or have attempted to resign their union membership and terminate financial support of the union; or (2) would choose to

leave or would have chosen to leave the union and terminate financial support if they were fully informed of their constitutional right to do so; (3) would decline to opt in to union membership by providing "clear and affirmative assent" if they were fully informed of their constitutional rights under *Janus*; (4) enrolled in union membership before or after *Janus* without signing a fully informed and freely given waiver of one's constitutional rights to decline union membership and withhold financial support from the union. The class includes anyone who comes within the class definition at any time before the conclusion of this action.

47. Ms. Littler has Article III standing to bring these claims. She has suffered injury in fact because the union and her employer have taken money from her paycheck without securing her fully informed and freely given consent. These injuries are caused by the unconstitutional behavior of the defendants, and the injury will be redressed by a refund of money that the union unlawfully collected from Ms. Littler and her fellow class members, as well as an injunction that bars the collection of membership dues from any employee who has not knowingly and voluntarily waived his or her constitutional right to withhold payments from the union.

## CAUSES OF ACTION

48. Ms. Littler is suing the defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that she is requesting.

49. Ms. Littler is also suing the defendants under the state-law torts of conversion, trespass to chattels, replevin, restitution, unjust enrichment, and any other state-law cause of action that offers relief for this unlawful seizure of her personal property. Ms. Littler invokes the supplemental jurisdiction of this court over these pendent state-law claims. *See* 28 U.S.C. § 1367.

## DEMAND FOR RELIEF—CLAIM NO. 1

50. Ms. Littler respectfully requests that the court:

    a. certify a plaintiff class of all current and former public employees who were compelled to subsidize OAPSE or its affiliates against their will on account of the union's unconstitutional agency-shop arrangements. The class includes: (1) employees who refused to join the union and paid "fair-share fees"; (2) employees who joined the union because they were never informed of their constitutional right to decline union membership and pay a reduced amount in "fair-share fees"; (3) employees who reluctantly joined OAPSE but who never would have joined or paid any money to the union had they not been compelled to work in an unconstitutional agency shop; and (4) any other public employee who was offered membership in OAPSE while working in an agency shop.

    b. order OAPSE to refund to every class member an amount equal to the "fair-share fees" that each class member was forced to pay regardless of whether they retained or resigned their union membership, along with pre-judgment and post-judgment interest;

    c. order OAPSE to refund any and all "fair-share fees" that were spent on political and ideological expenditures, in violation of *Abood* and pre-*Janus* cases, along with pre-judgment and post-judgment interest;

    d. hold the South-Western City School District jointly and severally liable for the recovery of union fees that were taken from its employees against their will;

    e. award costs and attorneys' fees under 42 U.S.C. § 1988;

    f.    grant all other relief that the Court deems just, proper, or equitable.

## DEMAND FOR RELIEF—CLAIM NO. 2

51. Ms. Littler respectfully requests that the court:

    a.    certify a plaintiff class of all employees in bargaining units represented by OAPSE who, at any time after *Janus*: (1) informed the union or their employer that they wished to terminate their union membership or the payroll deduction of union-membership fees; and (2) had union fees diverted from their paycheck after informing the union or their employer of their desire to terminate union membership or halt the diversion of union fees;

    b.    declare that OAPSE and the South-Western City School District are violating Ms. Littler's constitutional rights by refusing to honor her resignation from union membership and her instructions to halt the payroll deduction of union fees, after she had clearly communicated her desire to resign from the union and stop the payroll deductions of union-related fees to both the union and her employer;

    c.    declare that OAPSE and the South-Western City School District are violating state tort law by garnishing and redirecting the wages of Ms. Littler and her fellow class members without first obtaining their knowing, written, and freely given consent, and that any federal or state law or collective-bargaining agreement that purports to override these protections of state tort law is unconstitutional, void, and without legal effect;

    d.    declare that all provisions in collective-bargaining agreements that instruct a public employer to deduct union-related fees from an employee's paycheck upon the union's request and without regard to

<div style="padding-left: 2em;">

whether the employee has "clearly and affirmatively consented" to these payroll deductions are unconstitutional, void, and without legal effect;

e. permanently enjoin the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting or deducting union fees from Ms. Littler or other public employees who have informed the union or their employer that they wish to terminate their union membership or the payroll deduction of union fees, unless and until the employee "clearly and affirmatively consents" to pay;

f. order OAPSE to refund all union-related fees that they took or redirected from Ms. Littler and all other class members who, at any time after *Janus*, clearly communicated their desire to resign from the union or instructed the union to stop taking money from their paychecks, and whose instructions were disregarded or ignored;

g. hold the South-Western City School District jointly and severally liable for the post-*Janus* union fees that it diverted from Ms. Littler's paycheck;

h. order OAPSE to pay punitive damages to Ms. Littler and all other class members who, at any time after *Janus*, communicated their desire to resign from the union or instructed the union to stop taking money from their paychecks, and whose instructions were disregarded or ignored;

i. order OAPSE to immediately honor and enforce a public employee's decision to resign from the union and withdraw financial support, regardless of how the employee chooses to communicate the

</div>

        resignation and regardless of any law or previous agreement that purports to limit the employee's ability to halt the payment of union-related fees;

j.     award costs and attorneys' fees under 42 U.S.C. § 1988;

k.     grant all other relief that the Court deems just, proper, or equitable.

### DEMAND FOR RELIEF—CLAIM NO. 3

52. Ms. Littler respectfully requests that the court:

    a.     certify a plaintiff class of all employees in bargaining units represented by OAPSE who either: (1) want to resign or have attempted to resign their union membership and terminate financial support of the union; or (2) would choose to leave or would have chosen to leave the union and terminate financial support if they were fully informed of their constitutional right to do so; (3) would decline to opt in to union membership by providing "clear and affirmative assent" if they were fully informed of their constitutional rights under *Janus*; or (4) enrolled in union membership before or after *Janus* without signing a fully informed and freely given waiver of one's constitutional rights to decline union membership and withhold financial support from the union.

    b.     permanently enjoin the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from deducting or collecting union membership dues from the paychecks of public employees unless and until that employee provides written consent to those payroll deductions that post-dates the Supreme Court's ruling in *Janus* and that includes the following language: "I understand that I am

   not required to join the union or pay money to the union as a condition of my employment. I further understand that a have a constitutional right to withhold all monetary payments to the union simply by resigning my union membership, and I understand that the union owes me a duty of fair representation regardless of whether I remain a member of the union or give money to the union. Nevertheless, I am freely choosing to waive my constitutional rights under the Supreme Court's ruling in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), and I knowingly and freely consent to union membership and to the payroll deduction of union membership dues."

 c. award costs and attorneys' fees under 42 U.S.C. § 1988;

 d. grant all other relief that the Court deems just, proper, or equitable.

            Respectfully submitted.

             /s/ Jonathan F. Mitchell

| | |
|---|---|
| PAUL W. LEITHART II | JONATHAN F. MITCHELL* |
| Ohio Bar No. 0018261 | Texas Bar No. 24075463 |
| *Trial Attorney* | Mitchell Law PLLC |
| Strip Hoppers Leithart | 111 Congress Avenue, Suite 400 |
| McGrath & Terlecky Co., LPA | Austin, Texas 78701 |
| 575 South Third Street | (512) 686-3940 (phone) |
| Columbus, Ohio 43215 | (512) 686-3941 (fax) |
| (614) 545-7728 (phone) | jonathan@mitchell.law |
| (614) 228-6369 (fax) | |
| pwl@columbuslawyer.net | TALCOTT J. FRANKLIN* |
| | Texas Bar No. 24010629 |
| | Talcott Franklin PC |
| | 1920 McKinney Avenue 7th Floor |
| | Dallas, Texas 75201 |
| | (214) 736-8730 (phone) |
| | (800) 727-0659 (fax) |
| | tal@talcottfranklin.com |

                                                                                           \* admitted *pro hac vice*

Dated: July 8, 2019                         *Counsel for Plaintiff and the Proposed Classes*