UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTINA LITTLER,

        Plaintiff,    :

  v.                             Case No. 2:18-cv-1745
                                Judge Sarah D. Morrison
                                Magistrate Judge Chelsey M.
OHIO ASSOCIATION OF        Vascura
PUBLIC SCHOOL EMPLOYEES,   :

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on remand from the Sixth Circuit Court of Appeals. The Court now considers Defendant Ohio Association of Public School Employees' ("OAPSE") Renewed Motion for Summary Judgment (ECF No. 75), to which Plaintiff Christina Littler responded (ECF No. 79), and OAPSE replied (ECF No. 82). OAPSE also filed a Motion for Leave to File Supplemental Authority (ECF No. 83) to which Ms. Littler did not respond.

OAPSE's motion for leave is **GRANTED**. And, for the reasons set forth below, its summary judgment motion is also **GRANTED**.

**I.    BACKGROUND**

On July 17, 2020, this Court issued an Opinion and Order granting summary judgment to OAPSE and finding, among other things, that Ms. Littler was not entitled to First Amendment protections while she was a union member and that

she had failed to withdraw her union membership.[1] (ECF No. 58, at 7–12.) Ms. Littler appealed. (ECF No. 60.)

The Circuit Court issued its decision on March 28, 2022. (ECF No. 68.) It agreed that Ms. Littler was not entitled to First Amendment protections for the deduction of her union dues while she was a member. (*Id.* at 14.) However, because Ms. Littler did not receive an adequate opportunity to present evidence that she complied with certain withdrawal requirements, it found that this Court's determination on that issue was improper. (*Id.* at 14–16.) The Circuit Court directed this Court to reconsider its decision to not address whether OAPSE was a state actor and remanded the case for further proceedings. (*Id.* at 16.)

On remand, Ms. Littler's remaining § 1983 and state law claims are based on OAPSE's continued deduction of membership dues after she withdrew from the union. OAPSE filed the instant motion addressing those remaining claims, which is fully briefed and ripe for consideration.

The undisputed facts are set out in this Court's July 17 Opinion and Order (ECF No. 58), and the Circuit Court's Opinion (ECF No. 68). They will not be repeated here.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[1]This Courts' grant of summary judgment in favor of OAPSE on Ms. Littler's claims involving agency fees was not at issue on appeal and is not challenged here.

2

R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

**B.   Analysis**

OAPSE first argues that Ms. Littler did not validly withdraw from union membership, so the continued deduction of membership dues did not violate her First Amendment rights. Next, even if Ms. Littler validly withdrew from the union, OAPSE argues that it is not a state actor, so her § 1983 claim fails as a matter of

3

law. For Ms. Littler's state law claims, OAPSE argues that she has failed to exhaust necessary administrative remedies. Alternatively, it requests that the Court decline to exercise supplemental jurisdiction over those claims.

### 1. Section 1983 Claim

For Ms. Littler's § 1983 claim to succeed, the alleged deprivation of her First Amendment rights must have been caused by state action. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (internal citation and quotations omitted). While unions are generally considered private actors, OAPSE's action may constitute state action if it is "fairly attributable to the State." *Id.* (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

The Sixth Circuit has outlined four tests "to aid courts in determining whether [challenged actions are] fairly attributable to the State: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (collecting cases). In limited circumstances, there is also a fifth test known as the *Lugar* "joint action" test. *Revis v. Meldrum,* 489 F.3d 273, 290 (6th Cir. 2007) (citing *Lugar*, at 940–41). While general rules for the application of these tests can be drawn from caselaw, the ultimate determination of state action is "necessarily [a] fact-bound inquiry." *Lugar*, at 939. "[E]xamples may be the best teachers." *Revis*, at, 289 (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)).

Ms. Littler relies on both the nexus and the joint action tests to demonstrate that OAPSE's action in deducting her membership dues without authorization constituted state action.

>   a.  **The nexus between the State and OAPSE's challenged action is insufficient to make OAPSE's conduct state action.**

Under the nexus test, Ms. Littler must show that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir.2007) (emphasis added). This inquiry focuses on the relationship between the State and the challenged action, so a private entity's general attributes—like, receipt of public funds, extensive regulation, or mere cooperation with the State—are not sufficient to satisfy the nexus test. *Marie*, at 363–34; *Lansing v. City of Memphis*, 202 F.3d 821, 832 (6th Cir. 2000).

Here, the challenged action is the deduction of membership dues from Littler's salary after OASPE refused to honor her request to withdraw from the union. Ms. Littler argues that, because SWCSD processed these deductions, there is a sufficiently close nexus between the State and the challenged action to make it a state action. That argument fails for three reasons.

First, the challenged action falls within clearly separate spheres of responsibility between SWCSD and OAPSE. The Sixth Circuit has stated that challenged actions that fall within "separate spheres of responsibility" for private

5

and state entities are insufficient to create a public-private nexus. *Lansing,* at 832–34. In *Lansing*, the plaintiff brought suit against a festival organizer and the city of Memphis for violations of his First Amendment rights when he was removed from a private event held at a public park. *Id.* In that case, the City was required to provide security for the event, but the festival organizers exercised complete discretion over the prohibition of expressive activity within leased areas of the park. *Id.* at 833–34. Because the challenged action occurred within the organizer's sphere of responsibility, even though city police officers assisted in removing the plaintiff from the event, the Sixth Circuit concluded that the City's role was insufficient to create a nexus between the challenged action and the State. *Id.*

Similarly, here, the challenged action occurred within separate spheres of responsibility between OAPSE and the school district. OAPSE was solely responsible for obtaining deduction authorizations from member employees. (Collective Bargaining Agreement, ECF No. 50-1 ("[OAPSE] accepts full responsibility for obtaining the necessary payroll deduction cards from its members.")). Thus, even though the deduction of membership dues from Littler's salary were processed by SWCSD, the school district's role is insufficient to create a nexus between OAPSE's action and the State.

Second, there is no evidence that the school district had any discretion or authority to review the administration of its employees' authorizations before deducting membership dues. The Supreme Court has held that there is not a sufficiently close public-private nexus when the State has no discretion over the

6

challenged action. *Blum v. Yaretsky*, 457 U.S. 991, 1004–05 (1982); *cf. Wilcher*, at 521–22 (distinguishing *Blum* from a dispute where state officials reserved the express power to review and overrule the challenged action). The challenged action in *Blum* was a private nursing home's decision to relocate its residents without affording them the opportunity to be heard in violation of their procedural due process rights. *Blum*, at 1003–05. Although the nursing home was funded by a state-run Medicaid program, the State did not have any discretion over the private entity's decision to move patients—its only responsibility was to carry out the nursing home's decision by reducing funding to reflect any changes. *Id*. The Supreme Court concluded that "mere approval or acquiescence in the initiatives of a private party" was not enough to create a sufficiently close public-private nexus. *Id.,* at 1005.

Third, several federal courts have distinguished the deduction of membership dues from the deduction of agency fees, concluding that only the latter gives rise to state action. *See Belgau v. Inslee*, 975 F.3d 940, 946–79 (9th Cir. 2020); *Hoekman v. Educ. Minnesota*, 41 F.4th 969 (8th Cir. 2022); *see also Oliver v. SEIU Local 668*, 415 F. Supp. 3d 602 (E.D. Pa. 2019)). The critical distinction is the source of the union's right to collect each. The right to collect agency fees is created by state law; the right to collect membership fees is created by private agreements between a union and its members. *See Molina v. Pa. Soc. Serv. Union*, 2020 WL 2306650, at *10 (M.D. Pa. May 8, 2020) (distinguishing membership dues from agency fees because unlike agency fees "[t]he union's right to collect [membership] dues is not

7

created by the Commonwealth; it is created by the union's contract with its members") (quoting *Oliver*, at 611–12); *see also Belgau*, at 949 (school district's collection of union dues pursuant to private agreements does not constitute state action).

Here, OAPSE's right to collect membership dues was created by the private agreement between it and Ms. Littler—not Ohio law. In fact, the deduction of membership dues without employee consent is inconsistent with Ohio law. *See* Ohio Rev. Code § 4117.09(B)(2) (Collective Bargaining Agreements must include a term authorizing public employers to deduct membership dues "upon presentation of a written deduction authorization by the employee."). SWCSD had no role in the administration of employee authorizations; this too was controlled by OASPE's agreements with its members. Thus, Littler's dispute with OAPSE is whether it breached the terms of their private agreement. This is insufficient to create a public-private nexus.

Ms. Littler has failed to demonstrate that OAPSE's challenged action constitutes state action under the nexus test.

        **b.**    **OAPSE's invalid use of state procedure does not constitute joint action.**

Ms. Littler also contends that OPASE's use of state procedure constituted state action under the joint action test. This argument fails in that it ignores that the Sixth Circuit expressly confined the applicability of *Lugar*'s joint action test to cases involving prejudgment attachment or garnishment procedures. *See Hill v. Langer*, 86 Fed.Appx. 163, 167 (6th Cir. 2004). This case involves neither.

8

Moreover, *Lugar* itself confined the application of the joint action test to the <u>valid</u> use of state procedures by private parties. *See Revis*, at 290 (citing *Lugar*, at 940–41*)*. Because private parties do not have authority "to put the weight of the State behind their private decision[s]," a private party's invalid use of state procedures is not fairly attributable to the State. *Lugar,* at 940.

In this regard, the deduction of membership dues without authorization through state procedures that require such authorization is different than the state-sanctioned deduction of agency fees without employee consent—only the latter involves the valid use of state procedures. *See Janus v. Am. Fed'n of State, Cnty. & Mun. Emps., Council 31*, 942 F.3d 352, 361 (7th Cir. 2019), *cert. denied*, 141 S. Ct. 1282 (2021) (finding state action where school district provided a procedure for deducting agency fees without employee consent); *Belgau*, at 944, 946–49 (finding no state action where school district provided a procedure for deducting membership dues pursuant to private agreements); *Hoekman*, at 978 (same).

Here, OAPSE's alleged action constituted the <u>invalid</u> use of SWCSD procedures. SWCSD provided a procedure for deducting membership dues from its employees' salaries, but before SWCSD would process those deductions, OAPSE was required to provide a list of member employees with proof of their deduction authorizations. If OAPSE invoked this procedure without proper authorization, it did so without knowledge or approval of SWCSD. This is precisely the sort of misuse of state procedure addressed in *Lugar*. OAPSE's action is not fairly attributable to the State under the joint action test.

9

Because OAPSE is not a state actor, its motion for summary judgment is **GRANTED** on Ms. Littler's § 1983 claims.

### 2. State Law Claims

Having dismissed Ms. Little's federal claims, the Court declines to exercise supplemental jurisdiction over her state law claims. The United States district courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once a court has original jurisdiction over some claims in the action, it can exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (holding that claims are part of the same case or controversy if they derive from a "common nucleus of operative facts"). But supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers of Am.*, 383 U.S. at 726.

The Court finds that exercising supplemental jurisdiction over Littler's state law claims after dismissing the federal claims would not serve judicial economy, convenience, or comity, and therefore declines to do so. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Littler's supplemental state law claims are **DISMISSED** without prejudice to refiling in state court.

### III. CONCLUSION

Defendant's Renewed Motion for Summary Judgment (ECF No.75) and Motion for Leave to File Supplemental Authority (ECF No. 83) are **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**